# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEPHEN JONES**                                                                                    **PLAINTIFF**

V.                              NO. 4:22-cv-00007-KGB-ERE

**MARK GOBER,** *et al.*                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.    Background:**

Plaintiff Stephen Jones, an Arkansas Division of Correction inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983 regarding his past detention at the Drew County Detention Center (Detention Center). *Doc. 2*. Mr. Jones alleges that he was forced to remain in a cell containing raw sewage for multiple days without

being provided cleaning supplies.[1] He sues Sheriff Mark Gober, Chief Deputy Brian Slaughter, Jail Administrator Susan Potts, and Jail Staff Member Barbara Parnell.

Pending before the Court is Defendants' motion for summary judgment arguing that Mr. Jones failed to fully exhaust his administrative remedies before filing this lawsuit. *Doc. 29*. Mr. Jones has responded to the motion, and Defendants have replied. *Docs. 40, 41, 42*.

For the reasons stated below, the Court recommends that Defendants' motion for summary judgment (*Doc. 29*) be GRANTED.

### III. Discussion:

#### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper

---

[1] In his original and amended complaints, Mr. Jones asserted multiple, unrelated claims, including claims for: (1) unconstitutional conditions of his confinement; (2) denial of yard call; (3) denial of access to the law library; (4) failure to provide medical treatment; (5) exposure to black mold; (6) exposure to COVID-19; and (7) denial of visitation. *Docs. 2, 5*. The Court provided Mr. Jones an opportunity to identify a single claim, or multiple related claims, to pursue in this lawsuit, but he failed to do so. *Doc. 3*. Accordingly, the Court selected the claim that Mr. Jones now pursues. *Doc. 6*.

exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Jones to satisfy the Detention Center's requirements for raising and administratively exhausting the claims he is asserting in this lawsuit before bringing this action.[2]

### B. Mr. Jones' Grievance History

In support of their motion, Defendants submit Defendant Potts' declaration explaining that Detention Center inmates may file handwritten grievances or requests at any time. *Doc. 30 at 1-2*. The Detainee Handbook informs inmates about the Detention Center's rules and regulations for accessing the grievance procedure. *Id. at 2, 4-9*.

According to the Detention Center Inmate Request/Grievance Procedure, an inmate may request a "request/grievance form" from a jailer. *Id. at 4*. "All

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

requests/grievances will be directed to the administrator . . . [and] resolved within a reasonable time." *Id*. The inmate request/grievance procedure does not distinguish between an inmate *request* form and an inmate *grievance* form. In addition, according to the Detention Center's Inmate Rules of Conduct, if an inmate has a "grievance," he/she should "ask the jailer for a *request* form." *Id. at 8* (emphasis added).

Defendant Potts concludes, based on a review of Mr. Jones' inmate file, that he submitted a number of inmate requests for matters unrelated to this lawsuit, but "he never submitted any grievances concerning the allegations claimed in his Amended Complaint or for any other matter." *Id. at 2*. Defendant Potts attaches to her declaration 23 inmate request forms submitted by Mr. Jones. *Id. at 10-32*.

In response to the Defendants' motion, Mr. Jones claims that he was denied access to the Detention Center's grievance procedure.[3] He explains that, although inmates could submit inmate request forms, the Detention Center did not offer any type of grievances process. *Doc. 40*.

According to the undisputed evidence before the Court, the Detention Center's inmate grievance process did not differentiate between an inmate grievance

---

[3] Because Mr. Jones did not have his response sworn and subscribed to by a notary public; nor did Mr. Jones sign his response under the penalty of perjury as instructed by the Court (*Doc. 33 at 1*), the Court has the option of not considering its contents. However, based on Mr. Jones' status as a *pro se* litigant, the Court will consider Mr. Jones' statement in ruling on the Defendants' motion.

form and an inmate request form. Furthermore, to fully exhaust a grievance under the Detention Center's grievance, an inmate was only required to submit an inmate "grievance/request form." Mr. Jones has failed to present any evidence that he was precluded from submitting an inmate request form complaining about the events giving rise to this lawsuit. As a result, he has failed to create any material fact regarding his failure to fully exhaust his administrative remedies.

## IV.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 29*) be GRANTED.

2. Mr. Jones' claims against Defendants Gober, Slaughter, Potts, and Parnell be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

DATED this 16th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE