THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEPHEN JONES**                                                                           **PLAINTIFF**
**ADC # 179648**

v.                        **Case No. 4:22-cv-00007-KGB**

**MARK GOBER,** *et al.*                                               **DEFENDANTS**

## ORDER

Before the Court are the Partial Recommended Disposition and Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin and several post-recommendation motions filed by plaintiff Stephen Jones (Dkt. Nos. 7; 43; 45–46; 48–49). The Court addresses these pending matters below.

     **I.**      **Partial Recommended Disposition**

In Judge Ervin's Partial Recommended Disposition ("Partial Recommendation"), Judge Ervin recommends that plaintiff Stephen Jones should be "allowed to proceed with his unconstitutional conditions of confinement claim against each of the named Defendants" (Dkt. No. 7, at 4). The Partial Recommendation, citing Federal Rule of Civil Procedure 20(a)(2), Rule 21, and *Stephens v. Does*, 777 F. App'x 176, 177 (8th Cir. 2019) (unpublished), recommends dismissing without prejudice Mr. Jones' other unrelated claims (*Id.*, at 3–4). The claims Judge Ervin recommends dismissing include: denial of yard call, denial of access to the law library, failure to provide him medical treatment, exposure to black mold, exposure to COVID-19, and denial of visitation (*Id.*, at 3).

No party filed objections to the Partial Recommendation, and the time for filing objections has passed. After careful consideration of the Partial Recommendation, the Court adopts the Partial Recommendation in its entirety (Dkt. No. 7). Mr. Jones may proceed with his

unconstitutional conditions of confinement claim against each of the named defendants, and the Court dismisses his remaining claims without prejudice (*Id.*).

## II.     Recommended Disposition

Having ruled that Mr. Jones may proceed with his unconstitutional conditions of confinement claim, the Court now considers Judge Ervin's Recommended Disposition ("Recommendation") addressing Mr. Jones' unconstitutional conditions of confinement claim (Dkt. No. 43). Judge Ervin's Recommendation recommends that the Court grant defendants Mark Gober, Brian Slaughter, Susan Potts, and Barbara Parnell's (collectively "defendants") motion for summary judgment for failure to exhaust administrative remedies (Dkt. Nos. 29; 43). Mr. Jones filed timely objections to the Recommendation (Dkt. No. 44). After careful consideration, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects. The Court writes separately to address some of Mr. Jones' objections.

The Court understands Mr. Jones to have, at least, the following objections: (1) defendants are falsifying documents; (2) defendants failed to provide Mr. Jones an inmate handbook explaining the grievance process during the inmate intake procedure; (3) defendants failed to provide Mr. Jones with an inmate grievance form; and (4) the inmate request form is deficient (Dkt. No. 44).

Regarding Mr. Jones' claims that defendants falsified documents, he argues that defendants added a provision about grievances to the Drew County Detention Facility Inmate Rules of Conduct (*Id.*, at 1, 12). Outside of this blanket assertion, Mr. Jones provides no additional evidence that the form, which indicates that it was last updated in 2000 and which both he and the defendants submitted, is invalid (Dkt. Nos. 30, at 8; 44, at 12).

Mr. Jones' second and third objections stem from his claims that he was not made aware of the inmate grievance process (Dkt. No. 44, at 2–4). The affidavit of Susan Potts, provided by defendants in support of their motion for summary judgment, includes an exhibit of over 20 inmate request forms filled out by Mr. Jones (Dkt. No. 30, at 10–32). The inmate request form is the same form used to submit a grievance in the Drew County Detention Facility, indicating that Mr. Jones was aware of the grievance process and could access the forms. The Court has reviewed these requests and can find no indication where Mr. Jones filed a grievance related to the instant lawsuit. The only inmate request form arguably related to this litigation is a transfer request dated January 15, 2022, which post-dates the date Mr. Jones filed this lawsuit and therefore does not satisfy the exhaustion requirement (*Id.*, at 20; *see also* Dkt. No. 2).

Lastly, Mr. Jones claims that the Drew County Detention Facility inmate request form is deficient because it fails to lay out the grievance process like another grievance form he has identified (Dkt. No. 44, at 5). His objection is meritless because there is no federally mandated exhaustion form or exhaustion process. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018).

> [T]o properly exhaust administrative remedies[,] prisoners must "complete the administrative review process in accordance with the applicable procedural rules" . . . that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."

*Jones*, 549 U.S. at 218. The Drew County Detention Facility had a grievance process, and Mr. Jones made use of that process on several occasions (Dkt. No. 30, at 10–32). Despite making use of the grievance process, Mr. Jones has not demonstrated that there is any factual dispute that he appropriately submitted a grievance related to his claims currently before this Court. The evidence

3

before this Court, viewed in the light most favorable to Mr. Jones shows that he knew about, and did not follow, the grievance procedure.

For the foregoing reasons, after careful consideration, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 43). The Court grants defendants' motion for summary judgment and dismisses without prejudice Mr. Jones' complaint (Dkt. Nos. 2; 29).

### III.     Mr. Jones' Post-Recommendation Motions

Mr. Jones filed several motions after Judge Ervin submitted the Recommendation and after he filed his objections (Dkt. Nos. 45–46; 48–49). The Court addresses each of those motions below.

In his first post-Recommendation motion, Mr. Jones seeks to submit as evidence an exhibit of what Mr. Jones claims is a "proper" "federal[ly] mandated 'unit level grievance form'" (Dkt. No. 45). The Court denies the motion and declines to consider this proposed exhibit because it is irrelevant to the facts of Mr. Jones' case at hand (Dkt. No. 45). Fed. R. Evid. 401. There is no federally mandated exhaustion form or exhaustion process. *See generally Jones*, 549 U.S. at 218.

Mr. Jones also filed a motion for abuse of process (Dkt. No. 46). The Court construes this motion to be an addendum to Mr. Jones' filed objections (Dkt. Nos. 44; 46). *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that a *pro se* litigant is owed liberal construction of the documents he files). The Court considered this filing in making its determination to adopt the Recommendation. The Court denies Mr. Jones' motion for Order (Dkt. No. 46).

Lastly, Mr. Jones filed two motions for a status update (Dkt. No. 48–49). The Court, through this Order, grants Mr. Jones' requests for a status update and directs the Clerk to send Mr. Jones a copy of this Order, the accompanying Judgment, and the docket sheet.

### IV.     Conclusion

For the forgoing reasons, the Court adopts the Partial Recommendation (Dkt. No. 7) and the Recommendation (Dkt. No. 43). The Court grants defendants' motion for summary judgment (Dkt. No. 29) and denies Mr. Jones' motion to submit what he characterizes as a "proper" "federal[ly] mandated 'unit level grievance form'" (Dkt. No. 45), denies Mr. Jones' motion for Order (Dkt. No. 46), and grants Mr. Jones' motions for status update (Dkt. Nos. 48–49). The Court directs the Clerk of Court to send Mr. Jones a copy of this Order, the accompanying Judgment, and the docket sheet.

It is so ordered this 30th day of January, 2023.

_____
Kristine G. Baker
United States District Judge